UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER JASON HELFRICH,<br><br>                                 Plaintiff,<br><br>v.<br><br>JAMES GREG COX, et al.,<br><br>                                 Defendants. | Case No. 2:15-CV-00384-JCM-PAL<br><br>ORDER |

Presently before the court are *pro se* plaintiff Peter Jason Helfrich's emergency motions for temporary restraining order and preliminary injunction.[1] (Doc. ## 7 and 8). As of this date, the defendants have not filed responses to either motions.[2]

Plaintiff's motions ask the court to enjoin defendants from denying plaintiff access to the indigent legal supplies he claims are being denied him. (*See* Doc. # 8). Few of these allegations are in his amended complaint (doc. # 3). In particular, plaintiff alleges in the motions that several legal boxes that were rightfully his were damaged or destroyed during his transfer from High Desert State Prison to Lovelock Correctional Center, and a handbook on habeas practice was removed without his consent.(Doc. # 8 at 4-5). He further alleges that several affidavits, some of which cannot be reproduced, are missing. (*Id.*). Finally, plaintiff alleges that prison officials have routinely failed to supply him with adequate envelopes, stamps, paper, and access to the law

---

[1] Mr. Helfrich has requested a telephonic hearing and oral argument on the preliminary injunction motion. Because the court finds that plaintiff has failed to establish that he is entitled to the relief requested, the court will not hold a hearing at this time.

[2] The deadline for defendants' oppositions to the motions have not passed. Because plaintiff is not entitled to the relief requested as a matter of law, however, the court finds the motions ripe for decision.

library. (*Id.*). This is the only allegation included in the complaint independently of the motions.

Plaintiff commenced this action on March 3, 2015, by filing with the court an application for leave to proceed in *forma pauperis.* (Doc. # 1). Plaintiff filed his complaint on July 2, 2007. (Doc. # 3). Mr. Helfrich's original complaint alleged three claims for relief. Count 1 was an equal protection claim related to allegedly unequal treatment between prisoners like plaintiff, designated as a "security threat group" and housed in protective segregation, and the general population prisoners. Count 2 was an Eighth Amendment challenge in which plaintiff alleges that prison officials failed to protect him from violence at the hands of other prisoners. Finally, count 3 was a Constitutional challenge in which Mr. Helfrich invoked his Constitutional right of access to the courts. He alleged that prison officials were charging inmates for paper and pens, obstructing access to the law library, and failing to provide persons trained to assist with research.

The court issued a screening order on July 5, 2015. (Doc. # 2). The order dismissed all claims with respect to certain defendants, allowed count 1 to stand with respect to other defendants, and dismissed counts 2 and 3, including the only allegations related to unconstitutional denial of access to the courts without prejudice. The order granted Mr. Helfrich leave to file an amended complaint.

On August 7, 2015, Mr. Helfrich filed an amended complaint. (Doc. ## 4; 4-1). With respects to counts 1, 2, and 3, plaintiff did not actually amend his complaint, but rather re-submitted it. He filed identical allegations and points and authorities alongside a few additional exhibits. (*Compare* doc. # 3 *with* doc. # 4; 4-1). Plaintiff alleges 3 new causes of action in the complaint however.[3] Count 4 is a claim related to the nutritional deficiencies of prison meals. Mr. Helfrich requests that the court issue an order to compel the Nevada Department of Corrections ("NDOC") to improve its food quality. (*See* doc. # 4-1 at 33). Count 5 is a retaliation claim in which plaintiff asks the court to issue an order reversing, dismissing, and expunging plaintiff's conviction in a disciplinary hearing. (*See* doc. # 4-1 at 54). Count 6 is related to High Desert State Prison's

---

[3] Plaintiff labels these new claims for relief as counts 5, 6, and 7. The court cannot, however, find count 4. The court therefore will refer to the counts labeled 5, 6, and 7, as counts 4, 5, and 6, respectively.

("HDSP") failure to provide plaintiff with a book he purchased and had shipped to the prison. Plaintiff requests that the court compel defendants to provide the book. (*See* doc. # 4-1 at 68).

The court first finds that it cannot grant the relief Mr. Helfrich seeks with respect to counts 1, 2, 4, 5, and 6 because the relief requested in those counts is of a different character than the relief requested in the instant motion, and deals with matters lying outside the issues in those claims. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220, 65 S. Ct. 1130, 1134, 89 L. Ed. 1566 (1945). This court cannot grant a preliminary injunction for relief *now* based on claims for which it could not *later* issue a permanent injunction enjoining the same conduct. *Id.* The only count that seeks relief of the same character is count 3. Accordingly, the court's only possible basis for granting the motions is the relief requested therein.

An identical version of count 3 to that in the amended complaint has already been dismissed, however, pursuant to this court's screening order, dated July 5, 2015. (Doc. # 2). The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Here, there is no likelihood of success on the merits. The claim has already been screened, and was summarily dismissed. (*See* Doc. # 2). The 'amended' count is identical and suffers from the same defects, namely that plaintiff fails to provide specific details of denials of access to the courts and fails to allege any actual injury supporting standing. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996); (Doc. # 2). The claim will not, therefore, proceed beyond the screening process. Because the likelihood of success on the merits is essentially non-existent, the court will not consider the other *Winter* factors. Plaintiff's motions will both be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Peter Jason Helfrich's emergency motion for preliminary injunction (doc. # 7) be, and the same hereby is, DENIED.

1  IT IS FURTHER ORDERED that plaintiff Peter Jason Helfrich's emergency motion for
2  temporary restraining order (doc. # 8) be, and the same hereby is, DENIED.
3  DATED THIS 26th day of October, 2015.

*/s/ James C. Mahan*
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE