1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

7

8

9

10

11

12

PETER JASON HELFRICH,

Plaintiff(s),

v.

JAMES GREG COX, et al.,

Defendant(s).

Case No. 2:15-CV-384 JCM (PAL)

ORDER

13

14

15

16

17

Presently before the court is *pro se* prisoner plaintiff Peter Jason Helfrich's emergency motion for temporary restraining order. (ECF No. 27). Also before the court are Helfrich's emergency motion for preliminary injunction (ECF No. 28), emergency motion for protective order (ECF No. 29),[1] and motion for leave to file. (ECF No. 20). [2] Defendants have not filed responses to any of the motions. [3]

18

19

20

21

22

Plaintiff initiated this lawsuit under 42 U.S.C. § 1983 on March 3, 2015. Since that time, plaintiff has filed an amended complaint (ECF No. 4), an emergency motion for temporary restraining order (ECF No. 7), an emergency motion for preliminary injunction (ECF No. 8), a notice of appeal with respect to the court's October 26, 2015, order denying those motions (ECF

23

24

25

[1] The motion for a protective order is not a traditional motion for protective order. Instead, it's just a third copy of the motion for preliminary injunction/temporary restraining order. The court thus construes it as second motion for a preliminary injunction.

26

27

[2] Mr. Helfrich has requested a telephonic hearing and oral argument on the injunctive motions. Because the court finds that plaintiff has failed to establish that he is entitled to the relief requested, the court will not hold a hearing at this time.

28

[3] The deadline for defendants' oppositions to the motions have not passed. Because plaintiff is not entitled to the relief requested as a matter of law, however, the court finds the motions ripe for decision.

**James C. Mahan**
**U.S. District Judge**

No. 11),[4] and a notice of appeal with respect to the court's April 11, 2016, screening order, which appeal is currently pending before the Ninth Circuit. (ECF No. 22).

The motions are denied. First, the court's April 11, 2016, screening order stayed the case "for ninety (90) days to allow plaintiff and defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins." (ECF No. 19 at 16). The stay is in effect until July 10, 2016. The court ordered that "no other pleadings or papers shall be filed in this case" during the stay. (*Id.*) The motions before the court were thus filed in violation of the court's order.

Furthermore, the injunctive relief requested in the motions is based on allegations not included in plaintiff's amended complaint. (*Compare* ECF Nos. 27 and 28 (alleging denial of access to the courts and retaliation based on events beginning in May of 2016) *with* ECF No. 4 (the amended complaint, filed in August of 2015 and asserting claims based on conduct that occurred prior to that time)). Plaintiff has therefore not presented a claim upon which the court can grant the injunctive relief requested. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220, 65 S. Ct. 1130, 1134, 89 L. Ed. 1566 (1945). He has therefore failed to show any likelihood of success on the merits, any irreparable injury, and cannot show that the balance of hardships tips in his favor or the public interest would be served. *See Winter v. N.R.D.C.,* 555 U.S. 7, 20 (2008).

Finally, this case is currently on appeal with the Ninth Circuit. (*See* ECF No. 22). Generally, an appeal divests the district court from taking action over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because the screening order dismissing certain claims in plaintiff's amended complaint is the subject of the appeal, any present request for injunctive relief that is actually predicated on the allegations in plaintiff's amended complaint would be within the jurisdiction of the appeals court. This court thus has no jurisdiction to grant the requested relief.

Based on the foregoing, this court does not have jurisdiction to grant the injunctive relief plaintiff requests. The motions for temporary restraining order, preliminary injunction, and an

---

[4] The United States Court of Appeals for the Ninth Circuit found that plaintiff's appeal was frivolous and denied his *in forma pauperis* application. (ECF No. 15). When plaintiff failed to pay the filing fee, the court of appeals dismissed the appeal. (ECF No. 16).

order of protection are therefore denied. Further, the motions requesting injunctive relief, as well as the motion for leave to file, violate the court's April 11, 2016, screening order. All four motions are therefore denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Peter Jason Helfrich's emergency motion for temporary restraining order (ECF No. 27) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Peter Jason Helfrich's emergency motion for preliminary injunction (ECF No. 28) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Peter Jason Helfrich's emergency motion for order of protection (ECF No. 29) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Peter Jason Helfrich's motion for leave to file (ECF No. 20) be, and the same hereby is, DENIED.

DATED June 8, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -