UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PETER JASON HELFRICH,

Plaintiff,

v.

JAMES GREG COX et al.,

Defendant.

Case No. 2:15-cv-00384-JCM-PAL

ORDER

Presently before the court is *pro se* plaintiff Peter Jason Helfrich's motion for this court to reconsider its order adopting Magistrate Judge Leen's report and recommendation. (ECF No. 52).

As an initial matter, plaintiff has not made a timely request for this court to review the magistrate judge's order unsealing the transcript of the early mediation conference. *See* LR IB 3-1(a); *see also* (ECF Nos. 49, 50). Thus, this court understands plaintiff's motion as requesting that this court reconsider its order adopting the magistrate judge's report and recommendation. *See* (ECF No. 52).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003); *see also* Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order"; however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted); *see also Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (noting that a motion for reconsideration is analyzed under rule 59 if filed within that rule's deadline). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

Here, plaintiff argues that this court lacks jurisdiction over the present action because it is purportedly a "private court" and not "an Article III court." (ECF No. 52 at 5–6). Plaintiff is mistaken.

Indeed, the magistrate judge correctly reasoned that a district court may enforce oral settlement agreements. (ECF No. 50 (citing *Doi v. Halekulnai Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002))). Plaintiff has asserted no argument challenging this rationale. Therefore, plaintiff's motion will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration (ECF No. 52) be, and the same hereby is, DENIED.

DATED April 20, 2017.

_____
UNITED STATES DISTRICT JUDGE